IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENDA L. VANDYKE,

    Plaintiff,

vs.

NORTHERN LEASING SYSTEM, INC., et al.,

    Defendants.

No. CIV.S. 07-1877 FCD GGH PS

<u>ORDER AND FINDINGS AND RECOMMENDATIONS</u>

/

        Plaintiff, proceeding pro se and in forma pauperis, has filed an action concerning a contract dispute with defendants who are located in New York. Defendants' motion to set aside default and to dismiss was heard on March 26, 2009. Plaintiff appeared in pro se. Jonathon Ayers appeared for defendants Cohen and Northern Leasing Systems, Inc. ("NLS"). For the reasons stated in this opinion, the court recommends that defendant NLS' motion to set aside default be granted. The motion to dismiss by NLS will be denied without prejudice to its later renewal. The motion to dismiss by Jay Cohen is denied as unnecessary.

<u>BACKGROUND</u>

        This action was commenced on September 11, 2007. The amended complaint, filed December 17, 2007, alleges that plaintiff entered into a lease agreement with defendant

1 NLS for Virtual Terminal Software in May, 1999, and the agreement was cancelled in June, 1999
2 due to poor services.[1] Plaintiff states that she never received any bills, but on July 18, 2007, she
3 received a phone call from defendant's collection department, threatening to pull her credit report
4 100 times every 6 months and to take her to court. Plaintiff claims that the statute of limitations
5 on collecting a debt is six years and that defendant has violated the "Unfair Debt Collection
6 Practices Act," "Unfair Business Practice Act," and the Fair Credit Reporting Act, through its
7 attempt to collect the debt by fraud and its agreement which was never legitimate. Plaintiff seeks
8 $300,000 in compensatory damages, $1,000 in statutory damages for each violation, and for
9 defendant to leave plaintiff and her "credit report alone for life." (Dkt. #7.)

At this court's hearing on plaintiff's motion for default judgment, held on February 5, 2009, NLS contested service as defective and argued that it was not served with the notice of entry of default. NLS requested to be relieved of entry of default. Accordingly, the court directed NLS to file a motion for relief of entry of default, and vacated without prejudice plaintiff's motion for default judgment.

At the hearing on March 26, 2009, based on plaintiff's indication that she now sought only for defendants to leave her and her credit report alone, the court directed defendants to draft a settlement agreement within five court days of the hearing for plaintiff to sign and file within twenty days of the hearing. If an agreement could not be reached, the court would rule on the papers. Plaintiff filed a statement indicating that no settlement was reached. Therefore, defendants' motion and plaintiff's opposition have been reviewed.

DISCUSSION

I. Motion to Set Aside Default (Defendant NLS)

Default against defendant NLS was entered by the Clerk of the Court on December 11, 2008, pursuant to plaintiff's request. NLS now moves to set aside default due to

---

[1] Defendant Cohen is not named as a defendant in the amended complaint and is not mentioned anywhere therein.

2

defective service. Plaintiff opposes the motion, claiming that defendants received a copy of the clerk's entry of default as well as her motion for default judgment.

LEGAL STANDARDS

Federal Rule of Civil Procedure, 55(c) provides that a default may be set aside for "good cause." "Good cause" is demonstrated by: 1) a sufficient excuse for not meeting the filing deadline; 2) a meritorious defense; and 3) that setting aside default will not unfairly prejudice the other party. Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969); Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th Cir. 1986). See Tri-Continental Leasing Corp. v. Zimmerman, 485 F. Supp. 495, 497 (N. D. Cal. 1980).

These factors are disjunctive, and the court may vacate entry of default if any of the three factors is true. Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004), quoting American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).

1. Good Cause

The court has discretion to determine whether good cause has been shown. See Madsen, 419 F.2d at 6; Curry v. Jensen, 523 F.2d 387, 388 (9th Cir. 1975). The court's discretion is particularly generous where the motion seeks to set aside an entry of default, rather than a default judgment. Mendoza, 783 F.2d at 945. Any doubt should be resolved in favor of setting aside the default in order to decide cases on their merits. Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974).

Leniency in setting aside a default is especially appropriate if the attorney failed the client. Girlsongs & Warner Bros., Inc. v. Starkey, 108 F.R.D. 275, 277 (N.D. Cal. 1984). In reversing the dismissal of an action for failure to timely file a brief, the Ninth Circuit stated:

> [The] default was the fault of the attorneys, and not the litigant.
> Yet the impact of the sanction imposed is primarily against the
> client. We have no intent to disavow the established principle that
> the faults and defaults of the attorney may be imputed to, and their

> consequences visited upon, his client. We do, however, believe
> that when any court is considering the imposition of sanctions for
> non-jurisdictional, procedural defaults and deficiencies in the
> management of litigation, the selection of the sanction to be
> imposed must take into consideration the impact of the sanction
> and the alternatives available to achieve assessment of the penalties
> in conformity with fault. Absent such consideration, there is an
> abuse of discretion.

In Re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

Although no mention is expressly made in Rule 55(c) of "mistake" or "inadvertence," the analogous Rule 60(b) allows the court to vacate an entry of default judgment upon a showing of "mistake, inadvertence, or surprise." The Ninth Circuit has clearly stated that the standard for setting aside an entry of default under Rule 55(c) is more liberal than that of vacating a default judgment under Rule 60(b). Mendoza, 783 F.2d at 945. In light of the less stringent standard for setting aside an entry of default, some courts have held that a finding of excusable neglect is not absolutely necessary. See Rasmussen v. W.E. Hutton & Co., 68 F.R.D. 231, 235 (N.D. Ga. 1975); Bavouset v. Shaw's of San Francisco, 43 F.R.D. 296, 298 (S.D. Tex. 1967).

Moreover, willfulness of the default is a factor. See Madsen, 419 F.2d at 6 (quoting Moore's Federal Practice § 55.10[2]); United Coin Meter v. Seaboard Coastline RR., 705 F.2d 839, 845 (6th Cir. 1983) ("Where default results from an honest mistake 'rather than willful misconduct, carelessness or negligence' there is especial need to apply Rule 60(b) liberally.") (quoting Ellingsworth v. Chrysler, 665 F.2d 180, 185 (7th Cir. 1981)); Medunic v. Lederer, 533 F.2d 891, 893 (3rd Cir. 1976). See also Admiral Home Appliances v. Tenavision, Inc., 585 F. Supp. 14, 16 (D. N.J. 1982) aff'd, 735 F.2d 1347 (1984) (Court denied motion to set aside entry of default judgment where counsel exhibited "an arrogance and disregard of the consequences, not mistake, inadvertence or excusable neglect.")

Finally, although there is no express requirement of timeliness in Rule 55(c), the fact that the defaulted party acted quickly to cure the default and seek relief is a strong reason for

the court to exercise its discretion to set aside the default. 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2694 (1990). Put simply, if any good reason exists to set aside the default, the court should find good cause for doing so.

2. Meritorious Defense

The Zimmerman court set forth the standard for showing a meritorious defense:

> Because the preferred disposition of any case is upon the merits, the showing of a meritorious defense does not involve a heavy burden of proof. Thus, a party seeking to set aside a default need not prove his defense by a preponderance of the evidence. Rather, that party only carries the burden of producing competent evidence that establishes a factual or legal basis for the tendered defense.

Zimmerman, 485 F. Supp. at 1497 (citations omitted).

In Keegal v. Key West & Caribbean Trading Company, Inc., 627 F.2d 372, 374 (D.C. Cir. 1980), the court stated that: "Likelihood of success is not the measure. Defendants' allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." (quoting Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969)).

3. Prejudice

"Finally, in assessing prejudice to the plaintiff, the court notes that [m]ere delay in satisfying plaintiff's claim, if it should ultimately succeed at trial, is not sufficient prejudice to require denial of a motion to set aside default." Newhouse v. Probert, 608 F. Supp. 978 (W.D.Mich. 1985); citing Keegal, supra, 627 F.2d at 374. Prejudice should be demonstrated which is beyond that inherent to all plaintiffs in setting aside the entry of default, to counterbalance the universal policy favoring trial on the merits.

APPLICATION

The court finds that NLS has shown good cause for setting aside the clerk's entry of default due to defective service. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." Direct Mail Spec. v.

5

Eclat Computerized Tech., 840 F.2d 685, 688 (9th Cir. 1988); see also Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982).

Here, the record fails to indicate that the defendant ever received proper service. Federal law requires that a defendant corporation be served either:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to received service of process and - if the agent is one authorized by statute, and the statute so requires - by also mailing a copy of each to the defendant....

Fed. R. Civ. P. 4(h).

Under subdivision (e)(1), service may be effectuated in the manner prescribed for individuals pursuant to the laws of the forum state. California requires service on a person designated as agent for service of process where the defendant is a corporation. Cal. Civ. Proc. Code § 416.10. In lieu of personal delivery, Cal. Civ. Proc. Code § 415.20 permits service on a corporation by substituted service which requires leaving the summons and complaint during normal office hours at the office of the defendant with a person "who is apparently in charge" and thereafter mailing a copy of the summons and complaint to the defendant at that same office.

The only ostensible service on NLS is reflected in a process receipt and return filed May 8, 2008, indicating service on April 24, 2008. (Docket #12.) This document indicates that a "T. Louis (clerk)" was served with the documents at the business address for NLS. Although the document contains the notation, "mailed 1/10/08 - no response - personal service 3/26/08," there is no indication that the personal service on April 24, 2008, was followed up with the requisite first class postage paid mailing to the NLS business address as required by § 415.20(a).

\\\\\

\\\\\

\\\\\

Since there was no effective substituted service, personal service is the only other option, and the record does not establish that T. Louis was a designated agent for NLS.[2] In fact, the declaration by the Human Resources generalist for NLS states that Ms. Louis was a receptionist and had no authority to accept service on behalf of the company.[3] McQueen Decl., filed February 17, 2009, ¶¶ 4, 8. Delivery on a receptionist is not sufficient. Woodworth v. Subprime Lender, Inc., 2008 WL 5054687 (D. Idaho 2008), *citing* Baade v. Price,175 F.R.D. 403, 405 (D.D.C.1997) (person served "must have some measure of discretion in operating some phase of defendant's business or in the management of a given office"); Kovalesky v. A.M.C. Assoc. Merchandising Corp., 551 F.Supp. 544, 546 (S.D.N.Y.1982) (receptionist insufficient); Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 567 (3rd Cir.1996) (service on office manager not effective service). The burden is usually on the plaintiff to show that the service of process was sufficient. See Wells v. City of Portland, 102 F.R.D. 796, 799 (D.Or.1984). Plaintiff has not offered any argument on this issue. Therefore, service on this corporation was not properly effectuated.

Furthermore, as raised by NLS, although the process receipt and return states that a summons and amended complaint were served, a summons was not issued by the court until May 16, 2008, after service of process occurred. (Docket #13.) A corrected summons was not issued until September 10, 2008. (Docket #15.) Any summons served on April 24, 2008 could not have been properly issued by the Clerk of the Court with the clerk's signature and seal. See Fed. R. Civ. P. 4(b). Plaintiff's defective service on NLS supplies the good cause required to set aside the default as to this defendant.

---

[2] California does provide for service by mail to defendants outside that state; however, the statute requires a return receipt. Cal. Civ. Proc. Code § 415.40. There is no evidence of such service in this case.

[3] Defendant Cohen, chief executive officer of NLS, states that he does not recall being given a summons or complaint by Ms. Louis or any other documents related to this action. Cohen Decl., filed February 17, 2009, ¶ 12.

NLS may have meritorious defenses based on the representations made by this defendant which plaintiff has not opposed.[4] For example, plaintiff's claim based on the Fair Debt Collection Practices Act may be defective if the contract between the parties was in fact a commercial rather than a consumer contract, and if NLS was not a "debt collector" as defined by the Act. A debt under the act refers to an obligation of a consumer who is a natural person, to pay money where the subject of the transaction is money, property, insurance or services, which are primarily for personal, family or household purposes. 15 U.S.C. § 1692a. A debt collector under this Act is defined as a person who is in business for the principal purpose to collect debts which are owed or due to another. Id. Here, the CEO of NLS has stated that the purpose of this business is to lease commercial business equipment. Cohen Decl., ¶ 3. There are other defects in the amended complaint, but it is not necessary to address each one of them at the present time based on the liberal standards set forth in Keegal.

Finally, the court finds no evidence that the short time which has elapsed would prejudice plaintiff such that setting aside the default is precluded. In fact, defendants have provided the terms of the contract which indicate that the proper forum is New York, thereby assisting plaintiff in a speedier resolution of this case.

II. Motion to Dismiss (Defendant NLS)

At the February 5, 2009 hearing, the court directed defendant NLS to file a motion to be relieved of default. The court did not direct NLS to file a motion to dismiss. In any event, plaintiff may not have been prepared to oppose a motion to dismiss based on the directives at the hearing. Although plaintiff filed a document styled "motion for opposition," it is not clear that plaintiff understood that she was required to oppose a motion to dismiss in addition to the motion to set aside default.

---

[4] The court has accepted NLS' representations of its defenses as raised in its motion to set aside default, not as raised in its motion to dismiss, which the court declines to address at the present time.

| | |
|---|---|
| 1 | Furthermore, defendant has not properly moved on the issue of the forum |
| 2 | selection clause as specified in the written agreement. NLS states only that the written agreement |

Furthermore, defendant has not properly moved on the issue of the forum selection clause as specified in the written agreement. NLS states only that the written agreement provides that any litigation must be initiated in New York. NLS' Mot. at 11-12. NLS cites no authority whatsoever and has submitted no briefing. NLS does not state the grounds for the motion. In the Ninth Circuit, such a motion is properly raised under Fed. R. Civ. P. 12(b)(3). Argueta v. Banco Mexicano, 87 F.3d 320, 324 (9th Cir. 1996). If NLS chooses to bring this motion in future, it is directed to brief the issue properly. See W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial §4:150 - 4:183; Argueta, 87 F.3d at 324; Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138 (9th Cir. 2004); Sharani v. Salviati & Santori, Inc., 2008 WL 5411501 (N.D. Cal. 2008).

Therefore, NLS' motion to dismiss is vacated without prejudice to its renewal with proper briefing and authority.

### III. Motion to Dismiss (Jay Cohen)

Defendant Cohen moves to dismiss based on failure to state a claim, defective and untimely service, and for "inappropriate venue." The amended complaint, which is the operative complaint in this action, does not name Cohen as a defendant, and makes no mention of him whatsoever in the body of the amended complaint. (Docket #7.) Furthermore, plaintiff filed a document entitled, "motion to dismiss" on April 6, 2009, which purports to dismiss Cohen as a defendant. (Docket #42.) Therefore, Cohen's motion to dismiss is denied as unnecessary. The other bases for dismissal will not be addressed.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. The motion to dismiss by defendant NLS, filed February 17, 2009, is vacated without prejudice to its renewal.

2. The motion to dismiss by Jay Cohen, filed February 17, 2009, is denied as unnecessary.

1        3. The Clerk of the Court modify the docket to reflect that Jay Cohen was
2 terminated as a defendant as of December 17, 2007, and that the amended complaint, filed
3 December 17, 2007, is against defendant NLS only (docket #7).
4        For the reasons stated in this opinion, IT IS RECOMMENDED that defendant
5 NLS' motion to set aside the default be granted, and that NLS be permitted to file another
6 responsive pleading or an answer within thirty days of an order adopting these findings and
7 recommendations.
8        These findings and recommendations are submitted to the United States District
9 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
10 days after being served with these findings and recommendations, any party may file written
11 objections with the court and serve a copy on all parties.  Such a document should be captioned
12 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
13 shall be served and filed within ten days after service of the objections.  The parties are advised
14 that failure to file objections within the specified time may waive the right to appeal the District
15 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

16 DATED: 05/14/09

                                           /s/ Gregory G. Hollows
17                                         _____
                                           GREGORY G. HOLLOWS
18                                         UNITED STATES MAGISTRATE JUDGE

19 GGH/076/VanDyke1877.21.wpd